Case 4:25-cv-03764   Document 2   Filed on 08/14/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| P.C.F. PROPERTIES IN TX, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 25-1436 |
| | § | |
| JIREH PITTS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This is one of several frivolous lawsuits related to the ownership of a property in Tomball, Texas, that were improperly removed to federal court. For the reasons below, this case is remanded to the 80th Judicial District Court in Harris County, Texas, and the defendants are precluded from filing any related cases or notices of removal in the Southern District of Texas without advanced written permission from the Chief Judge of the Southern District of Texas or his designee. The motion to proceed in forma pauperis, (Docket Entry No. 4), and the motion to stay, (Docket Entry No. 6), are denied as moot.

**I.    Remand Order**

The defendants purported to remove based on diversity jurisdiction but failed to sufficiently allege the citizenship of any party. (Docket Entry No. 1) (alleging that one defendant "resides in" Texas but failing to allege the citizenship of any individual defendant, and stating that the citizenship of P.C.F. Properties in TX, LLC is unknown).

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Lavery v. Barr*, 943 F.3d 272, 275 (5th Cir. 2019) (quoting reference omitted). "The party seeking to assert federal jurisdiction . . . has the burden

of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"It is well established that for a federal court to exercise jurisdiction based on diversity of citizenship, diversity must be complete." *Simon v. Taylor*, 455 F. App'x 444, 445 (5th Cir. 2011) (per curiam). "[A]n allegation that the parties are 'residents' of particular states is insufficient to provide the court with diversity jurisdiction." *Id.* at 446. The notice of removal does not allege the citizenship of any of the individual defendants.

The notice of removal also does not sufficiently allege the citizenship of P.C.F. Properties in TX, LLC (the plaintiff) or PCF Properties in Texas LLC (a defendant). "[T]he citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC . . . involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). The defendants have not done so.

Because the notice of removal does not sufficiently allege the citizenship of any party, the defendants have not established federal jurisdiction. This case is remanded to the 80th Judicial District Court in Harris County, Texas.

## II.     Preclusion Order

The defendants have now frivolously and unreasonably removed several lawsuits that do not belong in federal court. *See, e.g.*, 4:25-cv-1437 (remanded); 4:25-cv-1439 (remanded); 4:25-cv-1461 (remanded).

The defendants are enjoined, collectively and individually, from filing (1) any notice of removal in this or any related case, and (2) any new case related to the property at issue in this case, without advanced written permission from the Chief Judge of the Southern District of Texas or his designee.  Any such notice of removal or new case that the defendants seek to file in the Southern District of Texas will not be docketed until the Chief Judge or his designee grants the defendants written leave to file.  If the defendants fail to comply with this order or continue their vexatious and unreasonable filings, they may be subject to sanctions.  *See* 28 U.S.C. § 1927.

SIGNED on June 4, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge